**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

Summary Calendar
No. 99-60718

JOSEPH ABSTON,

Plaintiff-Appellant,

V.

FIRST CHEMICAL CORPORATION, Etc.; ET AL;

Defendant.

FIRST CHEMICAL CORPORATION, or that entity doing business as
First Chemical Corp.,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi, Southern Division
Civil Action No. 1:98CV112

May 3, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[1]

Concerning summary judgment being awarded to Appellee in
Joseph Abston's action arising out his being denied particular
job training and alleged hostile working conditions, Abston
contends that the district court erred in finding the existence
of no material facts precluding summary judgment.

"We review a grant of summary judgment *de novo*." *Kipps v.*

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

*Caillier*, 197 F.3d 765, 768 (5th Cir. 1999). A district court's award of summary judgment is reviewed "using the same standard as that employed initially by the district court under Rule 56." *Stout v. Borg-Warner Corp.*, 933 F.2d 331, 334 (5th Cir. 1991). Pursuant to Rule 56, summary judgment is appropriate only where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56.

Based on our review of the record and briefs, there is no genuine issue of material fact precluding the district court from finding summary judgment in favor of the Appellee. Therefore, for essentially the same reasons as those stated by the district court, *see generally Abston v. First Chemical Corp.*, No. 1:98CV112 (S.D. Miss. 1999) (unpublished), the judgment is AFFIRMED.